[Civil No. 1785. Filed November 24, 1920.]

[192 Pac. 429.]

JEROME VERDE COPPER COMPANY, a Corporation, Appellant, v. DELMER RILEY and DIAMOND DRILLING COMPANY, a Corporation, Appellees.

1. ACTION—MISJOINDER OF ACTIONS—MISJOINDER OF PARTIES.—Objections to complaint upon the ground that it joined an action under the employers' liability law with an action under the common law of negligence, the facts setting forth statutory liability applying to one defendant, and the facts constituting negligence under the common law applying to the other defendant, and that the cause of action and the parties defendant were therefore improperly united, were overcome by the dismissal of the action as to one defendant on motion of the plaintiff, and defendant-appellant could not be prejudiced by the order for such dismissal, as the effect of such order was to sustain defendant's special demurrers before the trial was finished and to cure the defect of misjoinder, if any in fact existed.

2. ACTION—DISMISSAL OF ACTION—RIGHT TO DISMISS.—It is immaterial to the defendant-appellant whether the action as to another defendant was dismissed on motion of the plaintiff, or upon the appellant's objection that such other defendant was an improper party, since the plaintiff under paragraph 519, Civil Code of Arizona of 1913, had the right to dismiss at any time, such defendant not having asked for affirmative relief in which appellant was concerned, and the dismissal of the action against one defendant would not affect the action against the other defendant.

3. NEGLIGENCE—INSTRUCTION—MODIFICATION OF REQUESTED INSTRUCTION.—Modification of a requested instruction by striking out the following words: "And if you find that the car, solely by reason of a mere accident passed from the control of the agent, servant or employee of the defendant in charge thereof, then there was no negligence on the part of the defendant and your verdict must be for the defendant," the evidence not disclosing the elements of "mere accident," in view of the fact that "mere accident" was not defined in the course of charging the jury to distinguish from negligence, and that the same facts cannot establish negligence and mere accident, was entirely proper, as the proposition referred to in the portion of the instruction stricken was calculated to confuse the jury.

4. APPEAL AND ERROR—INSTRUCTION—NEGLIGENCE.—Instruction that "the owner of the premises on which the injury occurs, and the

owner of the premises being also the owner of the dangerous machinery being operated thereon, owes a duty to all persons employed on such premises or who are rightly occupied on such premises or a portion of the premises where dangers lurk, to provide means to preserve reasonably the safety of such persons, and a failure to perform such duty is, or in circumstances may be, actionable negligence," while not to be commended as a terse statement of the law in giving instructions, was not prejudicial in this case.

5. Evidence — Damages — Allegation of Special Damages.—Under our liberal system of pleading, in the absence of a motion to make more definite and certain, allegations in a complaint that plaintiff sustained other and serious wounds, fractures, bruises "and injuries in and about his person," are sufficiently specific to permit the introduction of evidence tending to prove that a disordered heart was one of the direct, proximate results of the injury to plaintiff.

6. Evidence—Objection on Ground of Surprise—Raising Objection First Time on Appeal.—Even if complaint was too obscure to give defendant notice of claim for damages on account of plaintiff suffering from some form of heart disorder as a result of his injuries, appellant cannot for the first time on appeal object on the ground that it was taken by surprise by the introduction of evidence tending to prove such disordered heart.

APPEAL from a judgment of the Superior Court of the County of Yavapai. John J. Sweeney, Judge. Affirmed.

### STATEMENT BY THE COURT.

This action was commenced by Delmer Riley, a minor, through his guardian, his father, against the appellant and Diamond Drilling Company, a corporation, as defendants. The minor suffered serious injury to his foot, ankle and leg while working for the defendant Diamond Drilling Company. The Diamond Drilling Company was prosecuting a drilling contract with the defendant Jerome Verde Copper Company, pursuant to which it was drilling a prospect hole into the wall of a drift from the 1100-foot level of the mine. The machinery and apparatus used for drilling were placed in the station beside a track used to haul material and ores out of the workings of the mine to

the shaft. The plaintiff was required to attend certain of the drilling apparatus. Certain rods of the drill machinery extended over both the tracks used for the ore cars. The rods rested upon cross-beams nailed upon four posts. The plaintiff's duty as helper was to connect and disconnect these rods and otherwise attend the apparatus while it was in operation.

The plaintiff reached his majority before the trial of this case and he was substituted for his guardian. He went to work in this mine on April 21, 1918, and on the twenty-fourth day of April, 1918, while he was wiping grease off some wrenches and laying them down on a platform beside the tracks, a platform used by the drillers, a loaded car came over the track, unattended, and struck plaintiff, passing over his foot and ankle. Two carbide lamps were hanging up where the drillers were working. There was no light on the car that struck plaintiff. The track was on a grade of four and a half inches to the hundred feet.

An attendant who had been with the car reached the plaintiff shortly after the accident and assisted others to release the plaintiff from under the car. The attendant stated that he had stumbled over a log between the tracks and fell and that the car had passed from his control; that when he fell his lamp went out and he was a few minutes relighting it; that he had given a signal of the approach of the car before he fell. Another witness testified that he, said other witness, saw a signal light. Plaintiff denied seeing the light and testified that he looked for the light. Another witness testified that the plaintiff could not see the light signal from where he was working if the signal was given. The car was handled by men pushing against it. The cars were not equipped with safety devices or automatic brakes of any kind. They weighed, with a load, about 2,400 pounds. The records of the mine show that during the four days plaintiff had worked at the drill thirty-seven cars had

passed that point. The defendant Diamond Drilling Company was dismissed during the progress of the trial, and the action proceeded against this appellant to recover for the said defendant's negligence as the cause of plaintiff's injury. The jury found a verdict against appellant for $12,500, and judgment was entered accordingly. From this judgment and from an order refusing a new trial, the said defendant appeals. Other facts appear in the opinion.

Messrs. Norris & Norris, for Appellant.

Mr. Albert D. Leyhe, Mr. Herbert B. Shoemaker and Mr. J. E. Russell, for Appellee.

CUNNINGHAM, C. J.—The first assignment of error refers to the objections of this appellant to the complaint. The complaint was objected to upon the grounds that it joins an action under the employers' liability law with an action under the common law of negligence; that the facts which set forth the statutory liability apply to the drilling company, and the facts which apply to the common law of negligence affect the other defendant, this appellant; that the causes of action and the parties defendant are improperly united. Conceding, for the present purposes, that the appellant's contentions thus made are borne out on the record, yet the minutes of the court disclose that after the plaintiff had submitted his evidence in chief, he moved to dismiss the action as to the Diamond Drilling Company, and the order was granted and said defendant was dismissed. Clearly, the appellant's objections were thereby sustained and the defects of the complaint were cured. We are unable to see in what manner the appellant was prejudiced from the ruling of the court. Its special demurrers were sustained in effect before the trial was finished. The plaintiff was relegated to his common-law remedy,

thereby disposing of one cause of action improperly joined, if, in fact, such misjoinder existed.

When the plaintiff rested in offering his testimony in chief, he dismissed the objectionable defendant drilling company, if such defendant was not properly in the case, and was improperly joined as a party. It is immaterial to the other defendant, this appellant, whether or not the drilling company was dismissed on the plaintiff's motion or upon the appellant's objection that the drilling company was an improper party. The drilling company had not asked for affirmative relief in which appellant was concerned, and hence the plaintiff retained the right to ` dismiss the action against such defendant at any time. Paragraph 519, Civ. Code Ariz. 1913. The dismissal of the action against one of the defendants would not affect the action against the other defendant, the mining company.

The appellant complains of a modification of an instruction requested. The instruction was modified by striking out the following: ''And if you find that the car, solely by reason of a mere accident passed from the control of the agent, servant or employee of the defendant in charge thereof, then there was no negligence on the part of the defendant and your verdict must be for the defendant.''

As an abstract question of law the words quoted cannot be justly criticised. The court had charged in the preceding portion of the instruction that, if the jury should find that the plaintiff was injured without fault on his part, ''still under no circumstances can you render a verdict against the defendant unless you find that the car which is alleged to have struck plaintiff actually struck him as a result of the negligence of defendant's agents, servants, and employees,'' and if you find, etc., as quoted—which was stricken.

The evidence is that an employee of the defendant was walking behind the car, pushing it on the track

in the drift; that no light had been provided for the car; the track was smooth; the only light provided was fastened to the carman's hat or otherwise carried by him; that the loaded cars were moved only by men pushing them or by gravity after they had been started along the track by the carmen; that the carmen usually followed behind the car on the track; that the carman on the occasion in question was so walking, and while following the car he gave a signal of his coming with the car and thereafter he stumbled over a log on the track and fell down. His light went out and the car got beyond his control before he recovered and before he again had a light. Before he could overtake the moving car, it struck the plaintiff and caused his injuries.

Under such state of circumstances the elements of "mere accident" are shady at least, and the proposition referred to in the portion of the instruction stricken was calculated to confuse the jury. "Mere accident" was not defined in the course of charging the jury to distinguish from negligence. The same facts cannot establish negligence and mere accident. The facts establish either negligence, as known to the law, or they establish a condition free from negligence. The jury must find the facts and determine therefrom whether the defendant was or was not negligent as a direct, proximate cause of the injury. If the jury determines that the defendant was not negligent, then, of course it is not liable to the person injured. It is wholly immaterial from whatsoever cause the accident arose so long as the defendant's negligence did not proximately contribute thereto. If, instead of using the words "mere accident" the instruction should have used words meaning the same thing, viz: "If you find that the car passed from the control of the servant of the defendant in charge thereof, without his fault or without the fault of anyone and without the foresight or expectation of the servants of defendant,

or of the plaintiff, then there was no negligence on the part of the defendant, and the plaintiff was injured in a mere accident for which defendant is not liable,'' the instruction would not then have materially differed from the preceding portion of the instruction actually given by the court.

I think the instruction as modified and given was the clearest and most understandable by the jury, and was properly given as modified.

The appellant's sixth assignment is one evidently copied from *Steele* v. *Northern Pac. Ry. Co.,* 21 Wash. 287, 57 Pac. 820, 824 (middle right-hand column). Without question, the instruction states a well-recognized rule of law in negligence cases: "The owner of the premises on which the injury occurs, and the owner of the premises being also the owner of the dangerous machinery being operated thereon, owes a duty to all persons employed on such premises or who are rightly occupied on such premises or a portion of the premises where dangers lurk, to provide means to preserve reasonably the safety of such persons, and a failure to perform such duty is, or in circumstances may be, actionable negligence.'' The instruction is not prejudicial in this case. It is not to be commended, however, as a terse statement of the proposition of law in giving instructions. It savors of rhetoric and is near a lecture, and far from a dry statement of a law proposition.

The court admitted evidence tending to prove that plaintiff is suffering from some form of heart disorder as a result of the personal injuries suffered by him. Appellant contends that heart disease does not naturally and necessarily follow from an injury to the foot and ankle, or nervous system, and therefore if relied upon as an element of damages, it must be specifically pleaded, and in this case no such special claim of damages is pleaded in the complaint.

The plaintiff alleges that his foot and ankle were crushed and the bones of the foot and ankle and leg were broken and otherwise seriously injured. "And his nerves and his nervous system seriously shocked and impaired, and he thereby sustained other and serious wounds, fractures, bruises and injuries in and about his person." The complaint specifying the elements constituting his claim for damages, after setting out the amount of the charge for medical aid, services, etc., alleges, among other things, as follows:

"  . . . and by reason of said wrongs and injuries, resultant from said carelessness and negligence of defendants, said Delmer Riley has been at all times since said injuries, and will continue to be throughout his future life, seriously injured, maimed, sore, crippled, lame, disfigured and disordered . . . and he has been since said injuries and will be at all times hereafter . . . for a considerable period of time in the future to have medical and surgical and other care and attention upon his said injuries, wounds, and bruises, and he will be compelled to pay out considerable sums . . . " etc.

Under our liberal system of pleading, the allegations that plaintiff thereby sustained other and serious wounds, fractures, bruises *"and injuries in and about his person"* is, in the absence of a motion to make more definite and certain, sufficiently specific to permit the introduction of evidence tending to prove that a disordered heart was one of the direct, proximate results of the injury to the plaintiff. Evidence of disorders of the heart was not outside the issues as made in the complaint and denied in the answer, when broadly understood. *Illinois Cent. Ry. Co.* v. *Griffin,* 80 Fed. 278, 25 C. C. A. 413; *Denver & R. G. R. R. Co.* v. *Mitchell,* 42 Colo. 43, 94 Pac. 289.

The appellant for the first time claims that it was taken by surprise by the admission of such evidence. The claim was not made in the lower court as an objection to the evidence, and conceding the point for

the purposes of this question, to wit, that the complaint was too obscure to give defendant just notice of such claim for damages, yet, defendant not having objected upon the grounds of surprise, it cannot for the first time raise objection on that ground on appeal.

We think it was competent for the plaintiff to show under the general allegations of his complaint if he could that a disordered heart was a direct result of his injuries, and recover according to the loss thereby sustained and proven. *Ehrgott* v. *New York,* 96 N. Y. 265, 48 Am. Rep. 622; *Chicago* v. *McLean,* 133 Ill. 149, 8 L. R. A. 765, 24 N. E. 527; *Wade* v. *Le Roy,* 20 How. 34, 15 L. Ed. 813 (see also, Rose's U. S. Notes); *Denver & R. G. R. R. Co.* v. *Roller,* 100 Fed. 738, 41 C. C. A. 22, 49 L. R. A. 77.

A careful examination of the whole record fails to disclose reversible error. Therefore, the judgment is affirmed.

ROSS and BAKER, JJ., concur.