## TWOHY BROS. CO. v. ROGERS.

### (Circuit Court of Appeals, Ninth Circuit. November 12, 1923.)

### No. 4081.

1. **Master and servant ⬯250, 351—Remedies of injured employee under laws of Arizona stated.**

Under the laws of Arizona, an injured servant may enforce the master's common-law liability, with certain modifications, or he may sue under Employer's Liability Law, if engaged in hazardous occupation, and injury was not caused by his own negligence, or he may, in a proper case, enforce compulsory compensation under the Constitution and laws of the state.

2. **Election of remedies ⬯7(1)—Bringing action held not of itself an irrevocable election of remedies, to exclusion of others.**

Ordinarily, where a party has a choice of remedies, the mere bringing of action, without more, will not constitute an irrevocable election to pursue that remedy to the exclusion of all others.

3. **Master and servant ⬯250—Bringing common-law action for injuries held not exclusive election, precluding timely claim under Employers' Liability Law.**

Civ. Code Ariz. 1913, par. 3176, declaring that any suit for injury brought by a workman shall be an election to pursue such remedy exclusively, in the light of Const. Ariz. art. 18, § 8, relative to compulsory compensation only requires the employee to elect between compensation and other remedies, and the mere bringing of a suit at common law is not a waiver of his right to thereafter make timely claim under the Employer's Liability Law.

In Error to the District Court of United States for the District of Arizona; F. C. Jacobs, Judge.

Action by Walter Rogers against the Twohy Brothers Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Richard E. Sloan, C. R. Holton, and Greig Scott, all of Phœnix, Ariz., for plaintiff in error.

Fred C. Bolen, Spencer B. Pugh, and Win Wylie, all of Phœnix, Ariz., for defendant in error.

Before GILBERT, ROSS, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. The plaintiff in the court below commenced a common-law action in a state court of Arizona to recover damages for personal injuries. The action was removed to the federal court on petition of the defendant on the ground of diversity of citizenship. After removal the plaintiff filed an amended complaint in the federal court, adding to the common-law cause of action a second cause of action based on the Employers' Liability Law of the state. Civ. Code Ariz. 1913, pars. 3153–3179. The defendant moved the court to strike the second cause of action from the amended complaint on the ground that the plaintiff, by bringing his common-law action in the state court, had elected to pursue that remedy exclusively. The motion was denied, and thereafter a second and third amended complaints were filed, omitting the common-law cause of action entirely, and basing the right of recovery exclusively upon the Employers' Liability Law. The defendant objected to the second and third amended

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

complaints on the same ground as before, and maintained its objection at every stage of the trial, but the objection was overruled, and upon the trial the plaintiff recovered judgment on his third amended complaint, based, as already stated, on the Employers' Liability Law. That judgment is now before us for review, and the only question presented for our consideration is: Did the defendant in error, by bringing his common-law action in the state court, elect to pursue that remedy exclusively? If he did, the judgment based on the Employers' Liability Law is erroneous, and must be reversed.

[1-5] Under the laws of Arizona, an injured servant may enforce the common-law liability of the master, with certain modifications not material here; he may sue under the Employers' Liability Law of the state, if engaged in certain hazardous occupations, and the injury was not caused by his own negligence; or he may, in a proper case, enforce compulsory compensation under the Constitution and laws of the state. All these remedies are open to him until a binding election is made. Ordinarily, where a party has a choice of remedies, the mere bringing of an action, without more, will not constitute an irrevocable election to pursue that remedy to the exclusion of all others, but the election here is purely statutory. The proviso to paragraph 3176 of the Revised Statutes of Arizona of 1913, reads as follows:

"Provided, if after the accident, either the employer or the workman shall refuse to make or accept compensation under this chapter or to proceed under or rely upon the provisions hereof for relief, then the other may pursue his remedy or make his defense under other existing statutes, the state Constitution, or the common law, except as herein provided, as his rights may at the time exist. Any suit brought by the workman for a recovery shall be held as an election to pursue such remedy exclusively."

This statute is controlling here, and, if construed by the Supreme Court of the state, the decision of that court is likewise controlling. In discussing the time and mode of election under the Compulsory Compensation Law, in Consolidated Arizona S. Co. v. Ujack, 15 Ariz. 382, 139 Pac. 465, the court said:

"The last sentence of section 14 reads: 'Any suit brought by the workman for a recovery shall be held an an election to pursue such remedy exclusively.' This seems to us a plain declaration by the legislature that the employee is at liberty to pursue any of the remedies provided by law until he adopts one by instituting a suit for redress, when the one adopted becomes exclusive."

The proviso in question expressly refers to the remedy under existing statutes, the remedy under the state Constitution, the remedy under the common law, and, of course, includes the remedy under the Compulsory Compensation Law, of which it forms a part. The language of the proviso, and more especially the language of the Supreme Court in the Ujack Case, no doubt admit of the construction that the mere bringing of a suit for redress by the workman is deemed an election to pursue the particular remedy thus invoked to the exclusion of every other; but the proviso is a part of the chapter relating to compulsory compensation, and was enacted to carry out the mandate found in section 8 of article 18 of the state Constitution. That section provides that the Legislature shall enact a workmen's compulsory compensation law, applicable to workmen engaged in manual or mechanical

labor in such employments as the Legislature may determine to be especially dangerous, and ends with the following proviso:

"Provided, that it shall be optional with said employee to settle for such compensation, or retain the right to sue said employer as provided by this Constitution."

In other words, under the Constitution the workman may settle under the Compulsory Compensation Law, or he may retain the right to sue the employer under the Constitution. He is only required to elect as between these two rights or remedies, and the proviso and the language of the Supreme Court of the State should be construed in the light of this constitutional provision. If the workman claims under the Compulsory Compensation Law (Civ. Code 1913, pars. 3162–3179), he waives the right to sue as provided in the Constitution; and if he sues as provided in the Constitution, he waives the right to claim under the Compulsory Compensation Law, but beyond this there is no election and no waiver. If the workman retains the right to sue the employer under the Constitution, he is not required to elect as between the different remedies there provided, and the mere bringing of a suit at common law does not constitute an absolute waiver of his right to thereafter make timely claim under the Employers' Liability Law.

The practice in that state is in harmony with this view, for it seems to be the practice there to join in the same complaint the common-law cause of action and a cause of action arising under the Employers' Liability Law, although this practice has neither the sanction nor the disapproval of the Supreme Court of the state. Arizona Eastern R. R. Co. v. Matthews, 20 Ariz. 283, 180 Pac. 159, 7 A. L. R. 1149; Jerome Verde Copper Co. v. Riley, 21 Ariz. 655, 192 Pac. 429. We are therefore of opinion that the court below did not err in permitting an amendment to the complaint, setting forth a cause of action under the Employers' Liability Law.

The judgment of the court below is affirmed.